United States Courts
Southern District of Texas
FILED

JUL 29 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY STADLER, | § | |
| Plaintiff, | § | |
| | § | NO. H-05-2623 |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| BUBBLES ENTERPRISES LTD., | § | |
| BCW MANAGEMENT, L.L.C, | § | |
| and WILLIAM J. LAWRENCE, | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Gregory Stadler files this Complaint against Defendants Bubbles Enterprises Ltd., BCW Management, L.L.C., and William J. Lawrence.

### Parties

1. Plaintiff Gregory Stadler is an individual residing in Houston, Texas.

2. Defendant Bubbles Enterprises Ltd. ("Bubbles Enterprises") is a Texas limited partnership with its principal place of business in Houston, Texas. Bubbles Enterprises may be served with process through its registered agent, William J. Lawrence, 4303 FM 1960 West, Houston, Texas 77068-3407.

3. Defendant BCW Management, L.L.C. ("BCW") is a Texas limited liability company with its principal place of business in Houston, Texas. BCW may be served with process through its registered agent, William J. Lawrence, 4303 FM 1960 West, Houston, Texas 77068-3407.

CK-1078

4. Defendant William J. Lawrence is an individual residing in Houston, Texas. He may be served with process at his place of business at 4303 FM 1960 West, Houston, Texas 77068-3407.

## Jurisdiction and Venue

5. The Court has federal question jurisdiction over this case because Mr. Stadler is seeking damages under the Fair Labor Standards Act ("FLSA").

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## Facts

7. Bubbles Enterprises operates several car washes in the Houston area. BCW is the general partner of Bubbles Enterprises, and Mr. Lawrence is the president or manager of both Bubbles Enterprises and BCW.

8. Mr. Stadler is a current employee of Bubbles Enterprises. He went to work for Bubbles Enterprises as a manager trainee on or about December 9, 2004, and remained a manager trainee until on or about July 17, 2005, when he finally became a manager. On or about July 25, 2005, Mr. Stadler ceased to be a manager and was assigned to a different position. Except for the brief period in which he served as a manager, Mr. Stadler was a non-exempt employee.

9. Bubbles Enterprises pays manager trainees such as Mr. Stadler on a salary basis, but does not pay them overtime. Over the course of his employment, Bubbles Enterprises required Mr. Stadler to work a significant number of overtime hours. Mr. Stadler often worked seventy or more hours per week.

10. Even though he was a non-exempt employee who was subject to the overtime provisions of the Fair Labor Standards Act, Bubbles Enterprises did not pay Mr. Stadler overtime wages for those hours. The same is true for all other manager trainees and similar employees.

11. All conditions precedent have been performed or have occurred.

### Claim for Relief

12. Bubbles Enterprises is an enterprise engaged in commerce or in the production of goods for commerce. Bubbles Enterprises has an annual gross volume of sales made or business done that greatly exceeds $500,000. Bubbles Enterprises is thus an "employer" within the scope of the Fair Labor Standards Act.

13. Mr. Lawrence was a person who acted directly or indirectly in the interest of Bubbles Enterprises in relation to its employees, including Mr. Stadler. Under the FLSA, he is therefore an "employer" of Mr. Stadler and other employees of Bubbles Enterprises, and is personally liable for all amounts claimed in this action.

14. Bubbles Enterprises and Mr. Lawrence suffered or permitted Mr. Stadler to work. Mr. Stadler was thus an "employee" within the scope of the Fair Labor Standards Act.

15. Mr. Stadler regularly worked more than 40 hours per week. Because Mr. Stadler does not fall into any of the categories of exempt employees, the Fair Labor Standards Act required Bubbles Enterprises to pay Mr. Stadler overtime when he worked more than 40 hours per week. Bubbles Enterprises never did so, and instead has willfully violated the Act.

16. Mr. Stadler, individually and on behalf of other persons similarly situated, is therefore entitled to recover (a) back pay equal to the amount of unpaid overtime from past pay periods, (b) an additional equal amount as liquidated damages under section 216 of the Fair Labor Standards Act, (c) attorneys' fees, (d) post-judgment interest, and (e) all costs of court.

17. As the general partner of Bubbles Enterprises, BCW is jointly and severally liable for all indebtedness of Bubbles Enterprises, including the claims in this case.

### Demand for Jury

18. Mr. Stadler demands a trial by jury.

### Prayer

Plaintiff Charles Stadler respectfully requests that Defendants Bubbles Enterprises Ltd., BCW Management, L.L.C., and William J. Lawrence be cited to appear and answer, and that on final hearing the Court award the following relief to Plaintiff and against Defendants:

(a) actual and liquidated damages for unpaid overtime under the Fair Labor Standards Act for Mr. Stadler and other persons similarly situated;

(b) reasonable attorneys' fees under the Fair Labor Standards Act;

(c) pre- and post-judgment interest as provided by law;

(d) all costs of court; and

(e) any other relief to which Mr. Stadler may be entitled.

Respectfully submitted,

The Solomon Law Firm, P.C.

*[signature]*

Leymon L. Solomon, Attorney in Charge
State Bar No. 18831500
Southern District No. 4331
10777 Westheimer, Suite 1100
Houston, Texas 77042
Telephone: 713-260-9638
Fax: 713-260-9637

Of Counsel:

David C. Holmes
State Bar No. 09907150
Southern District No. 5494

ATTORNEYS FOR PLAINTIFF